UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHIRLEY ROIDER,

          Plaintiff,

v.

CAPITAL MANAGEMENT
SERVICES, and NORTHLAND
GROUP, INC.,

          Defendants.

Case No. 11-CV-50-JPS

ORDER

On August 1, 2011, plaintiff Shirley Roider ("Roider") filed a Motion for Summary Judgment (Docket #11) in this Fair Debt Collection Act ("FDCA") case. Following its response on August 31, 2011, defendant Northland Group, Inc. ("Northland") filed its own Motion for Summary Judgment (Docket #17) that same day.[1] Roider has not filed a brief or other materials in reply to Northland's opposition to her own motion, nor a brief or materials opposing Northland's motion. Because Roider has failed to offer evidence sufficient to support granting her judgment and has failed to controvert Northland's proposed facts, the court will deny Roider's motion and grant Northland's.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S.

---

[1] Defendant Capital Management Services has yet to file an answer or other responsive pleading in this action, and is not the subject of Roider's instant motion.

317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In other words, in determining whether a genuine issue of material fact exists, the court must construe all reasonable inferences in favor of the non-movant. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). However, where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," there is no genuine dispute as to any material fact because a complete failure of proof "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Additionally, where a party fails to file a memorandum in opposition to a motion, the court has sufficient cause to grant the motion. Civil L. R. 7(d). Moreover, uncontroverted statements of fact are deemed admitted. Civil L. R. 56(b)(4); *see also* Fed. R. Civ. P. 56(e)(3).

Roider's complaint alleges violation of the FDCA provision prohibiting communication with a consumer at an unusual time or place, or one which is known or should be known to be inconvenient. 15 U.S.C. § 1692c(a)(1). She also alleges violation of the provision prohibiting communication at the consumer's work place if the debt collector knows or has reason to know the employer prohibits the reception of such communication. 15 U.S.C. § 1692c(a)(3). Roider offers six facts intended to support her motion for summary judgment:

1. From November 10, 2010, through January 2011 she received several phone calls from Northland while at work;
2. The basis of Northland's calls were attempts to collect on an alleged consumer debt;
3. Roider never gave Northland permission to call her at work;
4. The calls by Northland were prohibited by Roider's employer "because they interfered with [Roider's] ability to perform her job";
5. Northland continued to call Roider at work despite knowing and having reason to know the calls were prohibited by Roider's employer; and
6. "That the recording of [Northland], and is identified as a 'Problem Caller.'"

These facts are generally supported by citation to Roider's affidavit, as well as an exhibit containing a recording of one voicemail message left by Northland, prefaced with a recording of Roider's instructions to record the message. However, Roider's submissions border on the disingenuous, given that the support for fact #6, which the court presumes is meant to indicate that Roider's *employer* considered Northland a "problem caller," is supported by the exhibit which establishes only that *Roider herself* called Northland a "problem caller" when leaving a message for her employer to create a recording of the voicemail. (Pl.'s Ex. 1) (Docket #11-6).

In any event, Northland's submissions not only place a number of these facts in dispute, to which Roider does not reply, but Northland's submissions in fact establish that it is entitled to judgment given Roider's failure to respond and the court's subsequent acceptance of Northland's facts as admitted. According to the affidavit of Valerie Bartosh, Compliance Coordinator for Northland, the agency employs a computer system that tracks collection activities and automatically records activities associated with a given account. (Bartosh Aff. ¶ 2) (Docket #19). These activities include noting each time a phone call is attempted on an account, the number dialed, the time and date, whether the call is completed, whether an answering machine picks up, and whether a message is left. (Bartosh Aff. ¶ 3). Northland also retains audio recordings of phone calls received and phone calls completed; both those completed with a person and with a voicemail system. (Bartosh Aff. ¶ 6). Northland has submitted a transcript of all the calls completed to Roider's workplace, reflecting that Northland left Roider only one message and Roider never actually answered any calls or spoke to a Northland representative. (Bartosh Aff. ¶¶ 7-10); (Bartosh Aff.

Ex. B) (Docket #19-2). The account notes also show that Roider never actually spoke to a Northland representative. (Bartosh Aff. Ex. A) (Docket #19-1). On the basis of Northland's submissions, deemed admitted for purposes of this motion, not only are the facts offered by Roider in support of her motion in dispute, but they conclusively establish a lack of dispute that Northland did not know or have reason to know that calling Roider at her workplace was prohibited, nor that it was an inconvenient or unusual time or place.[2] As such, the court is obliged to deny Roider's motion and grant Northland's motion.

The court notes, parenthetically, that Roider did not bring this motion against co-defendant Capital Management Services ("Capital"). Roider filed her complaint on January 18, 2011, and served Capital on February 24, 2011, over nine months ago and eight months ago, respectively. Capital has yet to file any answer or other defense to this action. Under local rule 41, where a defendant fails "to file an answer or otherwise defend within 6 months from the filing of the complaint and the plaintiff has not moved for a default judgment, the Court may on its own motion, after 21 days' notice to the attorney of record for the plaintiff…enter an order dismissing the action for lack of prosecution." Civil L. R. 41(b). As such, the court will dismiss the remainder of this case without prejudice if there is no motion for default by Roider, or defensive filing by Capital, within 21 days from the date of this order.

Accordingly,

---

[2]Though unopposed facts in a summary judgment motion are deemed admitted only for purposes of the motion, Northland's submissions raise the troubling prospect that Roider may have perjured herself in her submitted affidavit.

IT IS ORDERED that the plaintiff's Motion for Summary Judgment (Docket #11) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the defendant Northland Group, Inc.'s Motion for Summary Judgment (Docket #17) be and the same is hereby GRANTED and Northland Group, Inc. is DISMISSED from this action; and

IT IS FURTHER ORDERED that the plaintiff shall have twenty-one (21) days from the date of this order to commence prosecution of this case against defendant Capital Management Services; if the plaintiff fails to do so, the court will dismiss this action without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge